NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 28 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOHN CLARK BUCHANAN II, a state national citizen,

　　　　　Plaintiff - Appellant,

　v.

RANDHIR GANDHI, CEO, President, Select Portfolio Servicing Incorporated; SELECT PORTFOLIO SERVICING, INC.; KEVIN McCARTHY, attorney; JOHN D. YOHE, attorney; McCARTHY HOLTHUS, LLP; SUSAN HURLEY, Trustee Sale Officer; DANIEL GOULDING, attorney; QUALITY LOAN SERVICE CORPORATION; VERONICA EISERT, Assistant Secretary; BUCHALTER, LLP, a professional corporation; BUZZI L. SHINDLER; STEPHEN FORREST BEST; BANK OF AMERICA, N.A.; MEB REO LOAN TRUST IV,

　　　　　Defendants - Appellees.

No. 24-4100

D.C. No. 2:22-cv-01482-SMB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Susan M. Brnovich, District Judge, Presiding

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted May 26, 2026[]

Before:      S.R. THOMAS, MILLER, and H.A. THOMAS, Circuit Judges.

John Clark Buchanan, II, appeals pro se from the district court's judgment dismissing his action alleging federal and state law claims arising from the foreclosure of his property. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011). We affirm.

The district court properly dismissed Buchanan's claims because Buchanan failed to allege facts sufficient to state any plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to survive a motion to dismiss, a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *Hinds Invs., L.P. v. Angioli*, 654 F.3d 846, 850 (9th Cir. 2011) ("Dismissal is proper where there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal claim."); *see also Cervantes*, 656 F.3d at 1045 (one-year statute of limitations for Truth in Lending Act claims).

The district court did not abuse its discretion by denying leave to amend

---

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

because amendment would have been futile. *See Cervantes*, 656 F.3d at 1041 (setting forth the standard of review and explaining that leave to amend may be denied where amendment would be futile); *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008) (explaining that "the district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint" (citation and internal quotation marks omitted)).

We reject as unsupported by the record Buchanan's contentions that the district court was biased and violated his constitutional rights.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Buchanan's request for mandamus relief, set forth in the opening brief, is denied. *See Bauman v. U.S. Dist. Ct.*, 557 F.2d 650, 654-55 (9th Cir. 1977) (discussing five guidelines to determine whether the "extraordinary" remedy of mandamus is warranted).

Buchanan's motion (Docket Entry No. 58) for leave to file an addendum to the reply brief is granted. The addendum has been filed at Docket Entry No. 62.

**AFFIRMED.**

24-4100